***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms, with modifications, the Opinion and Award of Deputy Commissioner Harris and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Plaintiff is Dock Smith, Jr.
2. Defendant-employer is Goodyear Tire Rubber Company. *Page 2 
3. The carrier on the risk in these claims is Liberty Mutual Insurance Company.
4. At all relevant times, defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act.
5. The employer-employee relationship existed between defendant-employer and plaintiff on or about September 20, 2007 (I.C. No. 110308), the date of the admittedly compensable injury by accident to plaintiff's left arm and left forearm.
6. The employer-employee relationship existed between defendant-employer and plaintiff on or about June 4, 2008 (I.C. No. W13557), the date of the alleged onset of occupational disease to plaintiff's left shoulder as well as the date of the alleged injury by accident.
7. Plaintiff's wages at the time of the September 20, 2007 injury by accident were sufficient to generate the maximum weekly compensation rate for 2007 of $754.00. Plaintiff's wages at the time of the June 4, 2008 injury by accident and/or occupational disease were sufficient to generate the maximum weekly compensation rate for 2008 of $786.00.
 *********** EXHIBITS
The following documents were accepted into evidence before Deputy Commissioner Harris as stipulated exhibits:
 * Exhibit 1: Executed Pre-Trial Agreement
 * Exhibit 2: Industrial Commission Forms in I.C. File No. 110308
 * Exhibit 3: Industrial Commission Forms in I.C. File No. W13557
 * Exhibit 4: Plaintiff's medical records
 * Exhibit 5: Employment file *Page 3 
 * Exhibit 6: Defendants' discovery responses
 * Exhibit 7: Scarring photographs
Transcripts of the depositions of the following were also received into evidence by Deputy Commissioner Harris:
 * Joseph Gray
 * Dr. Peter Dalldorf (with Stipulated Exhibit 1 and Defendants' Exhibit 1)
 ***********
As set forth in the Pre-Trial Agreement and Deputy Commissioner Harris' July 23, 2010 Opinion and Award, the Full Commission addresses the following:
 ISSUES *Page 4 
1. Whether plaintiff sustained a compensable injury by accident to his left shoulder on September 20, 2007?
2. Whether plaintiff sustained a compensable injury by accident to his left shoulder on June 4, 2008?
3. Whether plaintiff is entitled to further medical treatment for his compensable September 20, 2007 left arm injury?
4. If plaintiff sustained a compensable injury by accident to his left shoulder on either September 20, 2007 or June 4, 2008, to what compensation, if any, is he entitled for such injury?
5. To what compensation is Plaintiff entitled for scarring on his left arm? ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 40 years old, with a date of birth of September 17, 1970. He resides in Fayetteville, North Carolina.
2. Plaintiff began working with defendant-employer in 2000. He is a tire builder at defendant-employer's Fayetteville tire plant.
3. On September 20, 2007, plaintiff sustained an admittedly compensable injury by accident to his left arm when his left arm was pulled into a tire machine. Plaintiff was able to pull his left arm out of the machine, but he sustained lacerations and contusions to his left arm. The injuries left five areas of visible permanent scarring on plaintiff's left arm, from his shoulder to his elbow, with the worst scarring on the triceps area.
4. Defendants accepted plaintiff's claim for the September 20, 2007 injuries to his left arm and said claim was assigned I.C. File No. 110308.
5. Plaintiff continued working after the September 20, 2007 accident and did not miss any time from work because of his left arm injuries. He continued to work regular duty.
6. Between September 20, 2007, and June 4, 2008, plaintiff had several visits to defendant-employer's on-site clinic and to his primary care physician, Dr. Ibrahim Oudeh. Plaintiff did not mention his left shoulder condition during any of these visits.
7. Plaintiff's first report of any alleged left shoulder involvement in the September 20, 2007 accident was in his October 24, 2008 Form 18 in I.C. File No. 110308.
8. On June 4, 2008, plaintiff was pulling a liner truck out of a tire machine and felt a pop in his left shoulder. For whatever reason, the liner truck had become stuck in the machine, and plaintiff had to pull on the truck with more force than usual to try to extricate it from the machine when plaintiff felt his left shoulder pop. *Page 5 
9. The tire builder places liners on the liner truck and rolls the truck into the tire machine. The liners are components in the tire-building process. Once the truck is properly positioned in the machine, the tire builder switches the machine to "auto" and the machine draws the liners in the tire building process. Sometimes there are "ball-ups", usually occurring once or twice per 12-hour shift, in which a liner does not draw properly. The tire builder has to stop the machine, switch it to "manual", and free the liner truck sufficiently to allow the tire builder to cut away the defective liner and toss it into a bin for discards.
10. Neither plaintiff nor his supervisor, Joseph Gray, who investigated the June 4, 2008 incident right after it happened, specified in their incident reports that a "ball-up" had occurred. However, a "ball-up" is apparently what led to the need for plaintiff to pull the liner truck out of the machine.
11. Around June 4, 2008, defendant-employer was having trouble with "tacky" liner material that was causing more "ball-ups" than usual.
12. A liner truck could become stuck in a tire machine because of a defective wheel or because of a piece of debris lodged under a wheel.
13. Regardless of whether there was a "ball-up", a defective wheel on the liner truck, a piece of debris lodged under a wheel, or some other problem, plaintiff had to yank on the liner truck harder than usual in order to get the liner truck out of the machine when he hurt his left shoulder. Plaintiff's incident report dated June 4, 2008, stated that the task he was performing at the time of his injury was "repair def liner stuck" and that "shoulder pop when pulling out a liner truck."
14. Plaintiff went to defendant-employer's on-site clinic on June 4, 2008, for medical attention for his left shoulder. *Page 6 
15. Plaintiff's claim for his June 4, 2008 left shoulder injury was assigned I.C. File No. W13557. Defendants denied the claim.
16. Plaintiff continued working after the June 4, 2008 incident and did not miss any time from work because of his left shoulder injury. He continued to work regular duty.
17. Plaintiff saw Dr. Oudeh on June 5, 2008, and complained of left shoulder pain. After that, plaintiff did not seek any medical treatment for his left shoulder until June 3, 2009, when he saw Dr. Dalldorf, an orthopedist in Greensboro, upon recommendation by plaintiff's counsel.
18. On June 3, 2009, plaintiff complained to Dr. Dalldorf of intermittent burning and throbbing in his left shoulder since the September 20, 2007 accident. Dr. Dalldorf diagnosed left shoulder impingement syndrome and a Type II-B acromion. Dr. Dalldorf administered a corticosteroid injection.
19. At a follow-up visit with Dr. Dalldorf on July 15, 2009, plaintiff reported that the injection had helped with his left shoulder symptoms.
20. Dr. Dalldorf testified it is not unusual for shoulder pain to wax and wane over time. Dr. Dalldorf opined, and the Full Commission finds by the greater weight of the evidence, that the September 20, 2007 incident caused plaintiff's left shoulder condition, and that plaintiff's left shoulder condition was materially exacerbated by the June 4, 2008 incident.
21. The medical treatment that plaintiff has received for his left shoulder condition since June 4, 2008, with and/or at the direction of Drs. Oudeh and Dalldorf has been reasonably required to effect a cure and/or provide relief for said condition.
22. Further medical treatment for plaintiff's left shoulder condition is reasonably required to effect a cure and/or provide relief for said condition. *Page 7 
23. There is no indication in the record that plaintiff reasonably requires any further medical treatment for the left arm injuries he sustained in the September 20, 2007 accident.
24. Plaintiff has not received any permanent partial impairment rating for his left arm injuries in I.C. File No. 110308, nor has any physician commented on his scarring. Deputy Commissioner Harris conducted a scar viewing on the record at the hearing of this matter on September 2, 2010. Photographs of plaintiff's left arm scarring were received into evidence as Exhibit 7 and the Full Commission has reviewed those photographs.
25. Based on plaintiff's age, training, experience, education, occupation, and adaptability to employment, plaintiff's scars are repulsive and it can be reasonably presumed that the scars will lessen plaintiff's opportunities for remunerative employment.
26. Defendants have appealed this matter to the Full Commission from an Opinion and Award filed by Deputy Commissioner Harris on July 23, 2010. The July 23, 2010 Opinion and Award ordered defendants to pay compensation benefits to plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On September 20, 2007, plaintiff sustained an injury to his left shoulder by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. On June 4, 2008, plaintiff sustained a material exacerbation and aggravation of his left shoulder condition by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6). *Page 8 
3. There is sufficient medical evidence of record upon which to conclude that plaintiff's aggravated left shoulder condition for which he seeks treatment is the direct and natural result of and causally related to his September 20, 2007 injury by accident. N.C. Gen. Stat. § 97-2(6); Holley v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003); Young v. Hickory Bus.Furn., 353 N.C. 227, 538 S.E.2d 912 (2000); Click v. PilotFreight Carriers, Inc., 300 N.C. 164, 265 S.E. 2d 389 (1980).
4. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants provide all medical treatment, incurred or to be incurred, necessitated by the compensable June 4, 2008 left shoulder condition aggravation when bills for the same have been approved pursuant to Industrial Commission Procedures. N.C. Gen. Stat. §§ 97-2(19); 97-25; 97-25.1.
5. Plaintiff is not entitled to have defendants provide further medical treatment for his compensable September 20, 2007 left arm injuries, because no treatment is reasonably required to effect a cure, provide relief and/or lessen the period of any disability for said injuries. N.C. Gen. Stat. §§ 97-2(19); 97-25.
6. Plaintiff is entitled to a disfigurement award of $1,000.00 for the scarring to his left arm as a result of the September 20, 2007 accident. N.C. Gen. Stat. § 97-31(22).
7. Plaintiff has continued working after both the September 20, 2007 accident and the June 4, 2008 incident, therefore plaintiff is not entitled to any indemnity compensation in these claims at this time. N.C. Gen. Stat. § 97-2(9).
8. This appeal was brought by the insurer and the Commission has ordered the insurer to continue payments of benefits, including compensation for medical expenses, to the injured employee and the Full Commission orders that the costs of this proceeding, including *Page 9 
plaintiff's reasonable attorney's fee to be determined by the Commission, shall be taxed as costs to the insurer. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendants shall pay plaintiff a disfigurement award in I.C. File No. 110308 in the amount of $1,000.00.
2. Dr. Dalldorf is hereby designated as plaintiff's treating physician unless the parties can agree upon a treating physician located closer to plaintiff's residence.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, or may tend to lessen the employee's period of disability, when bills for same have been submitted and approved by the Industrial Commission, subject to the limitations period of N.C. Gen. Stat. § 97-25.1.
4. Plaintiff's counsel shall submit an affidavit or itemized statement in support of an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88 within ten (10) days of the filing of this Opinion and Award for the time expended preparing and litigating this appeal. Upon receipt of the affidavit, the Full Commission shall issue an order directing defendants to pay an additional attorney's fee directly to plaintiff's counsel.
5. Defendants shall pay the costs.
This the 22nd day of March, 2011. *Page 10 
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING IN PART, DISSENTING IN PART:
S/___________________ LINDA CHEATHAM COMMISSIONER *Page 11